IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION
CASE NO. _____

RICKY PHILLIPS,

    Plaintiff,

vs.

FEDEX FREIGHT, INC. LONG TERM
DISABILITY PLAN; and FEDEX FREIGHT, INC.

    Defendants.

**COMPLAINT**

Plaintiff, Ricky Phillips, by and through counsel, states as his Complaint the following:

## **INTRODUCTION**

1. This action arises under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §1001, *et seq*.

2. This is an action for payment of long-term disability ("LTD") benefits and enforcement of ERISA rights pursuant to 29 U.S.C. §1132.

## **THE PARTIES**

3. Plaintiff, Ricky Phillips ("Plaintiff" or "Mr. Phillips"), is a resident of Winterville, Pitt County, North Carolina.

4. Defendant FedEx Freight, Inc. Long Term Disability Plan (hereafter "Plan") is an employee welfare benefit plan organized and subject to ERISA and the regulations promulgated thereunder.

1

5. Upon information and belief, Defendant FedEx Freight, Inc. (hereinafter "FedEx Freight"), is an Arkansas corporation which conducts business throughout the United States including, *inter alia*, substantial activity in Pitt County, North Carolina.

6. At all times pertinent to this action, FedEx Freight sponsored and maintained the Plan. FedEx Freight is the plan administrator for the Plan because it is named the plan administrator in the Plan, or alternatively, it is the employer sponsoring the Plan and therefore is the default plan administrator under 29 U.S.C. § 1002(16).

## JURISDICTION AND VENUE

7. This Court has subject matter jurisdiction under ERISA without respect to the amount in controversy or the citizenship of the parties. 29 U.S.C. §1132(a), (e)(1) and (f) and 28 U.S.C. §1331.

8. Plaintiff is entitled to bring this action as a Participant within the meaning of ERISA, 29 U.S.C. §1002(7).

9. Venue is proper in this district pursuant to 29 U.S.C. §1132(e)(2) and 28 U.S.C. §1391(b).

## MR. PHILLIP'S DISABILTY CLAIM

10. At all times relevant to this action, Mr. Phillips was employed by FedEx Freight, working in North Carolina.

11. Based on his employment with FedEx Freight, at all times relevant to this action Mr. Phillips was an Eligible Employee and covered participant of the Plan.

12. On information and belief, FedEx Freight is solely responsible for paying and providing all benefits under the Plan from FedEx Freight's own funds.

13. At all times relevant to this action, Mr. Phillips has suffered from disabling medical conditions that cause him debilitating symptoms that include without limitation, chronic lower back pain, which markedly limits his activities and precludes him from performing the material and substantial duties of any occupation for which he is, or may reasonably become qualified based on education, training or experience.

14. Mr. Phillips timely applied for benefits under the Plan.

15. Upon information and belief, The Plan provides that FedEx Freight will pay Mr. Phillips a monthly disability benefit through his normal Social Security Normal Retirement Age.

16. The maximum duration for Mr. Phillips to receive LTD benefits extends through at least January 2027.

17. The Plan determined that Mr. Phillips' disabling medical conditions precluded him from performing the material and substantial duties of his own occupation for approximately eighteen (18) months.

18. By letter dated June 9, 2020, The Hartford—acting as an agent of the Plan and/or FedEx Freight—denied Mr. Phillips' LTD benefits, effective July 18, 2020.

19. Mr. Phillips timely appealed The Hartford's decision to deny his benefits to the Plan.

20. Mr. Phillips submitted voluminous evidence documenting his disability and his inability to perform his own occupation or any occupation, including without limitation: medical records documenting medical conditions and impairments, and statements from his treating physicians supporting his disability.

21. Mr. Phillips provided credible evidence of his disability such that the only reasonable conclusion from all of the evidence is that he is disabled and that he is entitled to benefits under the Plan.

22. By letter dated June 29, 2021, The Hartford issued an appeal decision, on behalf of the Plan and/or FedEx Freight, denying Mr. Phillips' LTD benefits.

## THE PLAN'S UNREASONABLE BENEFIT DETERMINATION

23. At all times relevant to this action, Mr. Phillips has been disabled under the Plan and entitled to benefits as specified in the Plan.

24. The Hartford's decision to deny Mr. Phillips' benefits is grossly wrong, without basis and contrary to the evidence before it.

25. The Hartford's adverse decision is unreasonable, is not based on substantial evidence, is not the result of a deliberate, principled reasoning process, and constitutes an erroneous determination.

26. Defendants did not maintain reasonable claim procedures or provide a full and fair review of Mr. Phillips' claim as required by ERISA.

27. Instead, each of the Defendants acted only in their own pecuniary interest and violated the terms of the Plan and ERISA through its unreasonable conduct described herein.

28. Defendants' unreasonable conduct includes, but is not limited to the following acts:

    a. designing the entire claim review process for the claim for the biased purpose of obtaining documentation to support a claim denial rather than adjudicating claims as a fiduciary;

b. conducting a review of Mr. Phillips' claim in a manner calculated to reach the desired result of denying benefits;

c. consulting biased medical personnel whom Defendants suspected or knew would render opinions favorable to Defendants;

d. ignoring competent evidence of Mr. Phillips' disability and without any credible contrary evidence;

e. failing to evaluate or adequately evaluate Mr. Phillips' medical conditions;

f. failing to properly consider and credit the records and medical opinions of Mr. Phillips' treating physicians without any credible contrary evidence or medical examination of Mr. Phillips;

g. imposing requirements to receive benefits that are not required by the Plan;

h. failing to identify any occupation which Mr. Phillips is capable of performing and material and substantial duties given his physical restrictions and limitations, and for which Mr. Phillips is, or may reasonably become qualified based on education, training or experience; and

i. ignoring The Plan's own internal medical literature, reference materials and claim procedures about evaluating Mr. Phillips' medical conditions.

29. FedEx Freight has a pecuniary interest in denying claims made under the Plan.

30. The Plan Administrator has not issued a valid plan document granting The Hartford discretionary authority to determine eligibility for benefits or to construe the terms of the Plan.

31. The Court should review The Hartford's adverse decision on Plaintiff's claim under a *de novo* standard. *Firestone Tire and Rubber Co. v. Bruch*, 489 U.S. 101, 115, 109 S.Ct. 948, 956-57, 103 L.Ed 2d 80, 95 (1989).

32. In the alternative, The Hartford's adverse decision on Plaintiff's claim constitutes an abuse of discretion, and/or was arbitrary and capricious.

## CLAIM FOR RELIEF

33. Plaintiff incorporates by reference Paragraphs 1 through 32 above as if fully set forth below.

34. As more fully described above, Mr. Phillips exhausted all claim review procedures and administrative remedies to the extent required.

35. As more fully described above, the conduct of Defendants and the denial and refusal to pay and provide Mr. Phillips' benefits constitute a breach of Defendants' obligations under the Plan and ERISA.

36. Mr. Phillips brings this action pursuant to 29 U.S.C. §1132(a)(1)(B) to recover benefits and to enforce his rights under the Plan and ERISA.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays the Court to enter judgment for Plaintiff and otherwise enter an Order providing that:

1. The applicable standard of review in this case is *de novo*.

2. The Court may take and review the records and claim file(s) and any other evidence that it deems necessary to conduct an adequate *de novo* review;

3. Mr. Phillips has been entitled to LTD benefits since the end of the applicable elimination period and continuing through the present and beyond;

4. The Hartford's denial decision shall be reversed and Defendants shall provide all LTD and any other benefits due to Plaintiff;

5. Plaintiff shall receive any further relief to which he is entitled to under the Plan, ERISA and otherwise;

6. Defendants shall pay to Plaintiff such prejudgment interest as allowed by law;

7. Defendants shall pay Plaintiff's costs of litigation and any and all other reasonable costs and damages permitted by law;

8. Defendants shall pay attorney's fees for Plaintiff's counsel; and,

9. Plaintiff shall receive such further relief against Defendants as the Court deems lawful, just and proper.

Respectfully submitted, this 29th day of June, 2022.

/s/Charles McB. Sasser
/s/ Rachel C. Matesic
Charles McB. Sasser, NC State Bar No.10027
Rachel C. Matesic, NC State Bar No. 50156
The Sasser Law Firm, P.A.
1011 East Morehead Street, Suite 350
Charlotte, NC 28204
Phone: (704) 342-4200
Fax: (704) 342-0798
msasser@sasserlawoffice.com
rmatesic@sasserlawoffice.com

*Attorneys for the Plaintiff*